

THOMAS J. CATLIOTA
U.S. BANKRUPTCY JUDGE

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| In re: | * | Case No.   15-27131-TJC |
| Maurice L. Brown | * | Chapter   13 |
| Debtor | * | |
| * * * * * * * * | * | |
| Maurice L. Brown | * | |
| Plaintiff | * | |
| vs. | * | Adversary No.   17-00077 |
| Tysons Financial, LLC, *et al.* | * | |
| Defendants | * | |
| * * * * * * * * * * * * * | | |

## MEMORANDUM OF DECISION

Before the court is the motion for summary judgment filed by defendant Tysons Financial, LLC, ECF 13, and the cross motion for summary judgment filed by Maurice L. Brown, the plaintiff in this proceeding and the debtor in the related Chapter 13 case. ECF 20. Oral argument is deemed unnecessary because the facts and legal arguments are adequately presented in the parties' briefs and the exhibits submitted in support. *See* Local Bankr. R. 9013-1(b)(4). For the reason stated herein, the court will grant Tysons's motion for summary judgment and deny Mr. Brown's cross motion.

1

This court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. This is a core matter pursuant to 28 U.S.C. §157(b) and venue is proper before this court pursuant to 28 U.S.C. §§1408 and 1409. To the extent the court does not have statutory or constitutional authority to enter a final order in this proceeding, Mr. Brown has consented to the entry of a final order by this court. ECF 1 at ¶12.

### Statement of Material Facts Not In Dispute

On December 14, 2015, Mr. Brown filed for chapter 13 bankruptcy relief. He owns real property generally described as 17705 Queen Anne Road, Upper Marlboro, Maryland. He purchased the property on January 10, 2006, for $690,000. The deed was recorded in the land records for Prince George's County, Maryland, on January 19, 2006. The property was described in a legal description attached to the deed as:

Legal Description "D"

> A portion of Parcel "F" of the "Effie Evans Farm", and beginning for the same at an iron pipe at the southernmost corner of said Parcel "F" and running thence with the southerly outline and a portion of the easterly outline of said parcel "F"; (1) North 52° 23' East 629.59 feet to an iron pipe (2) North 56° 10' West 444.00 feet, thence with the division line now being established, (3) South 44° 10' West 496.48 feet to the westerly outline of said Parcel "F", and with the same (4) South 38° 07' East 350.00 feet to the place of beginning, containing 5.00 acres, more or less, as described by Walton G. Banks, Inc. on April 1, 1965; Together with a right of use over a strip of land 60 feet wide extending from the termination of the 3rd course herein North 38° 07' West to the southerly line of the right of way leading to the Queen Anne County Road and northerly along the same to the said County Road. Being in the 7th District of said County.

ECF 13, Ex. B. The legal description was incorrect, and on July 7, 2006, the deed was re-recorded to correct the legal description. It replaced the description attached to the deed with the following:

Legal Description

2

> Being part of Parcel F of the former Effie Evans Farm located in the Queen Anne District, Prince George's County, Maryland and beginning for the same in the easterly line of 60 foot right of way at the southwest corner of said parcel and running with said easterly line of said right of way (1) north 11 degrees 17 minutes west 307.31feet, thence with the division line now being established (2) south 56 degrees 10 feet east 475.80 feet thence (3) south 44 degrees 10 feet west 289.48 feet, thence with the southerly outline of Parcel F (4) north 38 degrees 7 minutes west 217.45 feet to the place of beginning containing 2.00 acres, more or less, together with a right of use over and upon the 60 foot right of way which extends from and along the westerly line of the property northerly to Queen Anne Public Road, subject to a right of way previously granted to John M. Veatch 60 feet in width adjacent to the 4th lien herein for the purpose of access of Parcel F-1.
>
> BEING the same property as described in Deed dated December 15, 1994, and recorded March 13, 1995 in the Land Records of the City of Upper Malboro, County of Prince George's, Maryland, was granted and conveyed by Shirley Anita Hobbs unto Shirley Anita Hobbs and Trevor W.G. Hobbs, Trustee of the Shirley Hobbs Revocable Intervivos Trust dated 12/15/1994.

*Id.* at Ex. C.

To finance the purchase, Mr. Brown borrowed $500,000 from Saxon Mortgage, Inc. ("Saxon"). On January 10, 2006, he signed an adjustable rate note (the "Note"), *id.* at Ex. A, and a purchase money deed of trust that secured the Note. *Id.* at Ex. D. The deed of trust was recorded on January 19, 2006. In the deed of trust, the property's legal description was incorrect. It was described as Legal Description A, Legal Description B, Legal Description C, and Legal Description D. The deed of trust was re-recorded on July 7, 2006, to correct the legal description. *See id.* at Ex. D and E.

On January 10, 2006, Mr. Brown also executed a purchase money deed of trust in favor of Saxon for $155,500, and it secured a note in that amount. *Id.* at Ex. F. The property in that deed of trust was described as Legal Description A, Legal Description B, Legal Description C, and Legal Description D. *Id.* That deed of trust was recorded on January 19, 2006. Again, that

3

deed of trust included an incorrect legal description, and it was re-recorded on July 7, 2006, to correct the legal description as described in the re-recorded deed. *See id.* at Ex. G.

In April 2012, Tysons purchased the Note and all the instruments securing the Note. Ocwen Loan Servicing recorded the Tysons assignment on May 2, 2012. On July 15, 2015, Saxon assigned the $155,500 deed of trust to Ocwen Loan Servicing. Both assignments were recorded in the land records.

### Conclusions of Law

A motion for summary judgment is governed by Fed. R. Civ. P. 56, made applicable to these proceedings under Fed. R. Bankr. P. 7056. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is "material" for purposes of this inquiry if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).

> In evaluating a summary judgment motion, a court "must consider whether a reasonable [factfinder] could find in favor of the non-moving party, taking all inferences to be drawn from the underlying facts in the light most favorable to the non-movant." *Apex*, 190 F.3d at 633. In doing so, a court is not entitled to either weigh the evidence or make credibility determinations. *See Anderson*, 477 U.S. at 255, 106 S.Ct. 2505 ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge."). If the moving party is unable to demonstrate the absence of any genuine issue of material fact, summary judgment is not proper and must be denied. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

*Mercantile Peninsula Bank v. French (In re French)*, 499 F.3d 345, 351-352 (4th Cir. 2007).

If the movant is able to establish a prima facie basis for summary judgment, the burden of production shifts to the party opposing summary judgment. A party opposing summary

judgment "may not rest upon the mere allegations or denials of [their] pleading, but must set forth specific facts showing that there is a genuine issue for trial. Those specific facts must be supported by "citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A); *See Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008) ("The party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of his pleadings, but must come forward with specific facts showing that there is a genuine issue for trial.") (internal quotation and citation omitted). "[I]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50.

"When cross-motions for summary judgment are before a court, the court examines each motion separately, employing the familiar standard under Rule 56 of the Federal Rules of Civil Procedure." *Desmond v. PNGI Charles Town Gaming, LLC.*, 630 F.3d 351, 354 (4th Cir. 2011). The court must deny both motions if it finds there is a genuine dispute of material fact, "[b]ut if there is no genuine issue and one or the other party is entitled to prevail as a matter of law, the court will render judgment." 10A Charles A. Wright, et al., Federal Practice & Procedure §2720 (3d ed. 1998).

Although the parties address many issues in their briefs, their filings raise an initial, determinative issue: Is Tysons the holder of the Note or merely a transferee in possession who took by assignment? If, as Tysons contends, it is the holder of the Note, it has the right to enforce the Note and the deed of trust as corrected. Mr. Brown does not dispute this. If, as Mr. Brown contends, Tysons is merely a transferee who obtained the Note and deed of trust by an assignment agreement, then whether Tysons can enforce the Note and corrected deed of trust may depend on a number of disputed issues, including whether it can prove an unbroken chain of

title and whether the assignment agreement allows it enforce the corrected deed of trust. But there is no dispute that if Tysons is the "holder" of the Note, it is entitled to summary judgment.

Several provisions of the Uniform Commercial Code, as adopted in Maryland, are pertinent. Section 3-301 defines "Person Entitled to Enforce an Instrument":

> Person entitled to enforce" an instrument means (i) the *holder* of the instrument, (ii) a nonholder in possession of the instrument who has the rights of a holder, or (iii) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 3-309 or 3-418(d). A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.

Md. Code Ann., Com. Law §3-301 (emphasis added). A "holder" is:

> (i) The person in possession of a negotiable instrument that is payable either *to bearer* or to an identified person that is the person in possession; or
> (ii) The person in possession of a document of title if the goods are deliverable either to bearer or to the order of the person in possession.

Md. Code Ann., Com. Law §1-201(b)(21) (emphasis added). "Bearer" is "a person in possession of a negotiable instrument, document of title, or certificated security that is payable to bearer or indorsed in blank." Md. Code Ann., Com. Law §1-201(b)(5). "A promise or order is payable to bearer if it: (1) States that it is payable to bearer or to the order of bearer or otherwise indicates that the person in possession of the promise or order is entitled to payment; (2) Does not state a payee; or (3) States that it is payable to or to the order of cash or otherwise indicates that it is not payable to an identified person." Md. Code Ann., Com. Law §3-109. Thus, one who possesses a note indorsed in blank is the "holder" of the note and entitled to enforce it.

These provisions were addressed in *Deutsche Bank Nat. Trust Co. v. Brock,* 63 A.3d 40 (Md. 2013). There, the Court of Appeals considered whether a party in possession of a note was the holder and entitled to enforce it. As pertinent here, the final indorsement on the note in that case read as follows:

6

PAY TO THE ORDER OF:

WITHOUT RECOURSE

IMPAC FUNDING CORPORATION

*Deutsche Bank Nat. Trust Co. v. Brock,* 63 A.3d at 50. The Court concluded that the indorsement was in blank, and therefore the party in possession was the holder of the note and the party entitled to enforce it. *Id*.

  Applying these principles here, the court concludes that Tysons is entitled to summary judgment. Tysons has submitted a copy of the Note, ECF 13, Ex. A, and its authenticity is not challenged by Mr. Brown. The Note is indorsed as follows:

Without Recourse
Pay to the Order of


Saxon Mortgage, Inc.

By: [signature of Amy Shook]
Amy Shook, Assistant Vice President

ECF 13, Ex. A at 6 of 6. The dispute between the parties centers on the indorsement. Tysons contends it should be read to mean the Note is indorsed in blank by Saxon. Mr. Brown contends the indorsement should be read to mean "Without Recourse Pay to the Order of Saxon Mortgage, Inc. by Amy Shook, Assistant Vice-President." ECF 20-1 at 6 of 17. Thus, Mr. Brown contends that the Note is specially indorsed to Saxon and therefore Tysons in not a holder, but merely a transferee in possession.

  The court concludes that the Note is indorsed in blank by Saxon. By its terms, the Note was originally made payable to the order of "Lender" and states on its face that "Lender is [Saxon]." ECF 13, Ex. A at 2 of 6. There simply would be no reason for the original payee of the instrument to indorse the Note to itself. Thus, Mr. Brown's interpretation of the indorsement

7

makes no sense because the Note was already made payable to the order of Saxon when it indorsed the Note.  Further, including "by:" before the signature of Ms. Shook indicates she is signing on behalf of a corporate entity.  Thus, it is clear that Ms. Shook is signing as Assistant Vice President of Saxon.  But if, as Mr. Brown contends, Saxon is the payee and not the indorser, then the entity on whose behalf she is signing would be undisclosed, and the indorsement would be meaningless.  Finally, having looked at the indorsement, the court concludes that the larger space between the phrase "Pay to the Order of" and the name "Saxon Mortgage, Inc." provides space to insert the name of a subsequent holder, and is intended to reflect that the Note is indorsed in blank.  For these reasons, the court concludes that no reasonable factfinder could find otherwise.

    Having concluded the Note is indorsed in blank, the court further concludes that Tysons is the holder of the Note.  Because Mr. Brown does not dispute that the deed of trust follows the Note, Tysons as holder is entitled to enforce the Note and deed of trust.  Accordingly, the court will grant Tysons's motion for summary judgment and deny Mr. Brown's cross motion for summary judgment.

## Conclusion

    For the foregoing reasons, the court concludes that Tysons is the holder of the Note and therefore entitled to summary judgment.  The court will grant Tysons's motion for summary judgment and deny Mr. Brown's cross motion.  A separate order will issue.

cc:    all parties
        all counsel

**END OF MEMORANDUM OF DECISION**